**ORDERED ACCORDINGLY.**



Dated: November 30, 2009

Macey & Aleman
Carlene Simmons #022280
101 N. First Ave. Suite 2430
Phoenix, AZ 85003
Telephone (602) 279-1555
Facsimile (602) 279-5544

_____
GEORGE B. NIELSEN, JR
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE,<br><br>JOSE G. LIAS<br><br>and<br><br>JUANITA J. LIAS<br><br>Debtors, | In Proceedings Under Chapter 13<br><br>Case No.: 2-09-bk-00201 -~~SSC~~ GBN<br><br>STIPULATED ORDER CONFIRMING<br>CHAPTER 13 PLAN |

The Chapter 13 Plan having been properly noticed out to creditors and all objections having been settled,

**IT IS ORDERED** Confirming the Chapter 13 Plan of Debtor as follows:

1. **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

    a. <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:
    
    | Months | Payments |
    |---|---|
    | 1-60 | $ 1,305.00 |

    The payments are due on or before the 7th day of each month commencing on February 7, 2009.

    Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged**.

    The Debtors shall provide, directly to the Trustee, copies of their **federal** and **state** income tax returns for the years of 2008, 2009 and 2010 within 30 days of filing. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

    b. <u>Other Property</u>. In the event that other property is submitted, it shall be treated as supplemental payments. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

2.  **DURATION.** This plan shall continue for 60 **months** from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

3.  **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

    a.  Administrative expenses. Trustee shall receive such percentage fee of Plan payments as maybe periodically be fixed by the Attorney General pursuant to 28 U.S.C. § 586(e), but not to exceed 10%.

        Attorney Fees. Carlene M. Simmons , Esq. shall be allowed fees in the amount of $3,500.00 Counsel received $1,750.00 prior to filing this case and will be paid $1,750.00 by the Chapter 13 Trustee.

    b.  Claims Secured by Real Property. Debtors will make payments to Wells Fargo Home Mortgage for their first mortgage outside of the Chapter 13 Plan for real property located at 4132 W Vista Ave, Phoenix AZ 85051.

        Arrears in the amount of $12,722.62 shall be paid to Wells Fargo Home Mortgage.

        Citi Mortgage's claim pertaining to its Second Deed of Trust shall be treated as a wholly unsecured claim, on the following conditions: (1) An Order is entered confirming the Debtors' Chapter 13 Plan; (2) the Debtors complete and fully perform all of their obligations under their confirmed Chapter 13 Plan; and (3) a Discharge Order is entered after the Debtors have successfully completed their Chapter 13 Plan. Citi Mortgage shall retain a fully secured lien for the full amount due under its Second Deed of Trust, and Citi Mortgage's lien shall not be avoided, in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

    c.  Claims Secured by Personal Property. None.

    d.  Priority Claims. None.

    e.  Other Provisions. None.

    f.  Unsecured Claims. All other claims shall be classified as unsecured. Unsecured claims shall be paid the balance of the payments under the Plan pro rata. Any unsecured debt balance remaining unpaid at the end of the Plan shall be discharged. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

4.  **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this order. Property of the estate shall be the date of this Order. Property of the estate vests in Debtors herewith.

APPROVED AS TO FORM AND CONTENT:

_____
Russell Brown, Chapter 13 Trustee

_____
Tiffany & Bosco
Attorney for Wells Fargo Bank, NA

/s/ Carlene M. Simmons
Carlene M. Simmons, Esq.
Attorney for Debtors

# CERTIFICATE OF SERVICE

    I, Carlene M. Simmons, hereby certify that copies of this notice were either mailed first class or electronically served to the parties as set forth below:

Russell Brown
Suite 800
3838 N. Central Ave
Phoenix, AZ 85012

Leonard J. McDonald
Tiffany & Bisco, P.A.
2525 E. Camelback Rd, Suite 300
Phoenix, AZ 85016

Jose & Juanita Lias
4132 W. Vista Ave.
Phoenix, AZ 85051


Signed: /s/ Carlene M. Simmons


Date: _____